**STATE of Minnesota, Respondent,**

v.

**Bart MONTANARI, Appellant.**

No. C1–86–1395.

Court of Appeals of Minnesota.

April 28, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Edward P. Starr, Jr., City Atty., Nancy Magnuson, Asst. City Atty., St. Paul, for respondent.

John E. Daubney, St. Paul, for appellant.

Heard, considered and decided by FORSBERG, P.J., and RANDALL and STONE*, JJ.

## OPINION

FORSBERG, Judge.

Bart Montanari appeals from his conviction for assault in the fifth degree, Minn. Stat. § 609.224 (1985). Appellant was issued a criminal citation charging him with simple assault on December 2, 1985. Appellant was found guilty by the court, sitting without a jury. We affirm.

## FACTS

At approximately 6 p.m. on December 2, 1985, Dennis Faust was driving his truck northbound on White Bear Avenue with his brother Daniel when a truck passed them on the right side and scraped the side of Dennis' truck. The truck continued on after it had passed Faust's truck. Faust followed the vehicle to the next intersection, flashing his lights and honking his horn, attempting to get the driver's attention.

When the two trucks stopped for a red light at the intersection, Faust got out of his vehicle and approached the driver's side of the truck. Faust claimed that when he approached the driver's side and yelled to the driver that he had hit Faust's truck, appellant got out of his truck and pushed him, saying that he hadn't heard anything.

Faust said he then pushed Montanari away, and the two men walked to the back of Montanari's truck to inspect possible damage to Faust's truck. When Montanari told Faust that he was leaving, Faust said he would just take down Montanari's license number. Name-calling and swearing ensued, with Montanari and Faust spitting in each other's face. Faust said he then proceeded to wipe the snow off of Montanari's bumper so he could see the license number, and Montanari punched him in the face, breaking his nose.

Montanari testified that when they stopped at the light, Faust came running up to the truck, opened the front door and pulled him out, yelling obscenities. Montanari claimed that after being pulled out of the truck, Faust pushed him against the side of his truck, continuing to scream obscenities. Montanari said that at that time he calmly asked Faust to keep his hands off of him and told him he shouldn't go around pulling people out of their trucks. Montanari claimed that the two of them argued for a few moments, and that he did not intentionally spit in Faust's face.

Montanari stated that the two then proceeded to Faust's truck, where they looked for, and found no damage other than a slightly tilted rearview mirror. Montanari said he then told Faust he was leaving because there was no damage, and that Faust said "you ain't leaving." Montanari

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

claimed that when he responded "I'm going," Faust stood in front of him and raised his fist, as if he was going to punch him, so Montanari hit him in the nose.

Daniel Faust did not observe the two men fighting. Cameron Begbie, a passenger in the Montanari vehicle, testified that he observed the two men yelling at each other, and then saw Faust raise his fist, at which time Montanari punched Faust in the face. The trial court rejected Montanari's claim of self-defense and found him guilty as charged of fifth degree misdemeanor assault, Minn.Stat. § 609.224 (1985).

## ISSUE

Was the evidence sufficient to support the trial court's rejection of appellant's claim of self-defense and conviction on simple assault?

## ANALYSIS

In reviewing decisions of the trial court sitting without a jury, this court must view the evidence in the light most favorable to the verdict and limit its inquiry to an assessment of whether the evidence as a whole reasonably supports the verdict. *Faust v. Parrott*, 270 N.W.2d 117, 120 (Minn.1978). Where, as here, the trial court's decision is based largely on determinations of credibility, an appellate court gives due deference to the trial court's opportunity to judge the credibility of witnesses and will not set aside the trial court's findings unless they are clearly erroneous. *Serbus' Estate v. Serbus*, 324 N.W.2d 381, 385 (Minn.1982); *Peterson v. Johnston*, 254 N.W.2d 360, 362 (Minn. 1977).

Appellant contends that his conviction should be reversed because the evidence negating his claim of self-defense was insufficient, and because the trial court erred in rejecting the testimony of the only independent eyewitness. Appellant's argument is essentially that the trial court believed the wrong people and erred by not giving more weight to defense witness testimony. Such assertions of error are a weak attempt to attack a decision well-supported by the evidence. Further, there is no sup-port in the law for appellant's assertion that the trial court must accept Begbie's testimony because he was the only independent eyewitness. In a case such as this, where the State's case and appellant's defense rested on an evaluation of the witness' credibility, the trial court cannot be said to have erred by disbelieving Begbie and giving greater weight to the Faust brothers' testimony.

## DECISION

The evidence supports appellant's conviction and the trial court did not abuse its discretion in rejecting appellant's claim of self-defense.

Affirmed.